11-3227-pr
Tellado v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Argued: May 24, 2012                         Decided: March 12, 2014)

Docket No. 11-3227-pr
_____

SHAWN TELLADO

*Petitioner-Appellant*,

*-v.-*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

_____

Before:        HALL and LIVINGSTON, *Circuit Judges*, BERMAN, *District Judge*.[1]

_____

On appeal from a judgment of the United States District Court for the District of Connecticut (Kravitz, *J.*) denying defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 188-month sentence based, in part, on the district court's imposition of the career offender enhancement under the United States Sentencing Guidelines for two drug convictions under Connecticut General Statutes § 21a-277, which this court later determined in *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008), do not qualify as controlled substance offenses for enhancement purposes, and denying defendant's motion to amend his original 28 U.S.C. § 2255 motion to include an ineffective assistance of counsel claim.
AFFIRMED.

_____

Terence S. Ward, Assistant Federal Public Defender, Federal Public Defender's Office for the District of Connecticut, Hartford, Connecticut, *for Petitioner-Appellant*.

---

[1] The Honorable Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

Robert M. Spector (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *on behalf of* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut, *for Respondent-Appellee*.

HALL, *Circuit Judge*:

Shawn Tellado ("Tellado") appeals from a judgment entered on July 27, 2011, in the United States District Court for the District of Connecticut (Kravitz, *J.*) denying his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[2]  On appeal, Tellado argues (1) that because the district court omitted, during the Rule 11 proceedings, an adequate explanation of his right to attack collaterally his sentence—a right he waived in his plea agreement—his waiver of that right was not knowing and voluntary; and (2) that the district court erred when it denied his motion to amend his § 2255 motion to include an ineffective assistance of counsel claim.  *See generally Tellado v. United States*, 799 F. Supp. 2d 156 (D. Conn. 2011).  We hold that when entering his guilty plea Tellado knowingly waived his rights to attack collaterally his sentence.  Moreover, the process by which the district court advised Tellado of his rights to appeal and to attack collaterally his conviction did not constitute plain error.[3]  *See United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013) (establishing plain error review applies to appeals challenging portions of a plea agreement not objected to at the time the plea is entered).  We also hold that the district court did not abuse its discretion when it denied Tellado's motion to amend his petition to plead an ineffective assistance of counsel claim.

For the reasons that follow, we affirm the judgment of the district court.

---

[2] Tellado, having been convicted on a guilty plea, is currently incarcerated serving a 188-month term imprisonment as a career offender under § 4B1.1 of the United States Sentencing Commission Guidelines for his role in a drug conspiracy in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.

[3] Because we hold that Tellado knowingly and voluntarily waived his right to attack collaterally his sentence, we do not address whether the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255, one-year period of limitations also bars his action.

**Background**

A federal grand jury indicted Tellado as one of a number of defendants involved in a drug conspiracy, in violation of 21 U.S.C. § 846, charging him with conspiracy "to possess with intent to distribute, and to distribute controlled substances, namely mixtures and substances containing a detectable amount of cocaine and cocaine base, Schedule II controlled substances, and heroin, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1)." *United States v. Tellado*, 3:06-CR-00269 (MRK), Indictment 2, Oct. 4, 2006, ECF No. 1.[4] Thereafter, Tellado entered into a plea agreement by which he admitted (1) that a conspiracy existed, (2) that he knowingly and willingly participated in it, and (3) that the amount of cocaine subject of the conspiracy was 500 grams or more. Relevant to his present appeal, the plea agreement included a section titled "Waiver of Right to Appeal or Collaterally Attack Sentence[.]" *United States v. Tellado*, 3:06-CR-00269 (MRK), Plea Agreement 4, May 4, 2007, ECF No. 427. The waiver provided:

> The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including a motion under 28 U.S.C. § 2255 and/or §[ ]2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 188 months even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above or otherwise contemplated by the parties.

*Id.* at 4.

---

[4] At the time of the indictment—as now—21 U.S.C. § 841(a)(1) read: "it shall be unlawful for any person knowingly or intentionally--(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." 21 U.S.C. § 841 (Effective July 27, 2006, to April 14, 2009). Similarly, 21 U.S.C. § 846 read: "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

In the plea agreement Tellado also consented to be designated a career criminal under § 4B1.1 of the United States Sentencing Commission Guidelines, effective November 1, 2006, ("the Guidelines"). The bases of the career offender status under § 4B1.1 were two prior convictions for sale of narcotics in violation of Connecticut General Statutes § 21a-277(a)— charges to which Tellado had pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), thereby sidestepping any need for him to confirm at the time the factual bases of the charges to which he was pleading guilty. As a result of Tellado's designation as a career criminal his offense level under the Guidelines increased from an offense level of 26 to 34. Recognizing his acceptance of responsibility evidenced in the agreement to plead guilty to the federal offense, Tellado's offense level was adjusted to 31. The plea agreement also set out that his criminal history category was VI, resulting in a guidelines imprisonment range of 188 to 235 months, along with a fine in the range of $15,000 to $150,000.

In May 2007, Tellado entered his plea of guilty. After placing Tellado under oath and discussing the effect of a guilty plea on Tellado's trial rights, the court addressed the contents of the plea agreement itself. During that colloquy, the court asked Tellado whether he had carefully read the entire agreement. Tellado responded he had. He also acknowledged reviewing it with his attorney, and when questioned whether he "underst[ood] the terms," Tellado responded "Yes." *United States v. Tellado*, 3:06-CR-00269 (MRK), Plea Hearing 18:10–20, May 4, 2007, ECF No. 1229 ("Plea Hearing"). Tellado's attorney also informed the court that he was satisfied that his client understood the agreement as a whole.

Next, the district court had the government summarize the terms of the agreement. The government's summary included the bases for designating Tellado as a career offender. The government explained that in 2003 Tellado was convicted of selling narcotics, and that those

4

convictions constituted the predicate offenses triggering a sentencing enhancement.[5]  In its review of the terms of the agreement, the government also pointed out to the court that Tellado "has agreed to waive his rights of appeal or to collaterally attack the conviction or sentence of imprisonment by the Court, as long as the sentence does not exceed 188 months."  *Id.* at 23:16–19.  After the government highlighted the waiver and discussed its scope, the district court requested the government to pause while the court expressly inquired of Tellado about whether he understood the waiver.  At this point, the court reviewed with Tellado the impact of his waiver, stating "in this waiver, you're agreeing that so long as your sentence does not exceed 188 months, you're not -- you're going to give up your right to appeal, even if you thought that the way in which I got to your sentence might be wrong."  *Id.* at 23:25–24:5.  The court inquired whether Tellado had discussed the waiver with his attorney and whether Tellado was willing to give up the right.  *Id.* at 24:6–12.  Tellado responded that he and his attorney had discussed the waiver, and that, "Yes," he was willing to give up his right to appeal.  *Id.* at 24:12.  Tellado also confirmed that the government's description of the scope of the waiver provision was accurate. In the course of this interchange, however, the district court never at any point stated the words "collateral attack," nor did it discuss explicitly what the waiver of that right would entail. Throughout, the court referred to the waiver as applicable to the opportunity to "appeal your conviction," a "right to appeal," and an "appeal right."  *Id.* at 23:23–24; 24:3; 24:10; 24:15. Following the colloquy, Tellado signed the plea agreement in open court.

Four months later, the court sentenced Tellado to 188 months' imprisonment.  In the sentencing proceedings, the court advised Tellado that, notwithstanding the plea agreement waiver, Tellado retained a limited right to appeal on the bases of ineffective assistance of counsel

---

[5] The drug convictions, and not the assault in the second degree, formed the basis of the enhancement designation, since Tellado had committed the assault as a minor.

5

or prosecutorial misconduct. The judgment imposing sentence became final on September 24, 2007.

In September of 2008, this court decided *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008). That decision provides the impetus for Tellado's present appeal. In *Savage*, the defendant argued that his previous conviction for violating Connecticut General Statute § 21a-277(b) was based upon an *Alford* plea and, thus, could not be counted as a "controlled substance offense" as defined under the Guidelines. *Id.* at 966. We agreed, holding that a conviction based on an *Alford* plea to a § 21a-277(b) violation did not amount to a conviction for a controlled substance offense that could serve as a predicate under the Guidelines.[6] *Id.* at 967.

In light of *Savage*'s holding, Tellado filed in the district court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied Tellado's petition on the grounds it was filed outside the one-year period of limitation under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f). *Tellado*, 799 F. Supp. 2d at 162. The district court explained that no new "fact" had been discovered that would extend the starting period for the one-year period of limitations under § 2255, nor did Tellado's circumstances warrant equitable tolling given that Tellado had not demonstrated actual innocence. Alternatively, the district court found that Tellado knowingly and voluntarily waived his right to appeal or attack collaterally any sentence that did not exceed 188 months' imprisonment. Subsequently, the district court also denied Tellado's motion to amend his § 2255 petition to include a claim based on ineffective assistant of counsel. The court

---

[6] We explained that certain types of conduct criminalized under the statute fell outside of the definition of controlled substance offenses provided in the guidelines. *Id.* at 964–65. Specifically, the conduct the defendant pled guilty to—that is, the "sale" of a controlled substance under Connecticut law—included the "*offer* to sell drugs." *Id.* at 966. Because an offer to sell does not require the same proof of intent to sell as does an actual sale and because the *Alford* plea did not distinguish between the offer to sell and the actual sale for purposes of determining the conduct in which the defendant had engaged, we concluded that "the conviction does not qualify as a controlled substance offense," that would support a career offender enhancement. *Id.* at 967.

6

found that the claim would be futile as it was based on the same arguments that formed the grounds for the original § 2255 motion and there was no assertion that his trial counsel was ineffective due to any erroneous advice given by counsel.

Tellado appealed from the denial of his § 2255 motion and the denial of the motion to amend. Pertinent to our disposition of the appeal, Tellado argues that the one-year period does not bar his motion and the portion of the waiver provision in the plea agreement that bars a collateral attack is unenforceable. He also asserts that the district court erred when it dismissed his motion to amend to claim ineffective assistance of counsel. For the reasons set forth below, we agree with the district court that Tellado waived his right to attack collaterally the career offender sentence that was imposed. Additionally, we hold that the district court did not abuse its discretion when it denied Tellado's motion to amend so as to include a claim for ineffective assistance of counsel.

## Discussion

We consider initially whether Tellado's waiver of his right to attack collaterally his sentence is valid and enforceable, thus precluding him from maintaining an action for relief under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Monzon*, 359 F.3d 110, 116–17 (2d Cir. 2004). Tellado asserts that because he was not explicitly informed by the district court judge that he was waiving his right to attack collaterally his sentence, he did not knowingly and voluntarily agree to that provision of the plea agreement, and to that extent the waiver is unenforceable. He does not seek to overturn his conviction or challenge the general sufficiency of the plea agreement, but only to avail himself of a right he argues he never relinquished.

Federal Rule of Criminal Procedure 11(b) requires, among other things, that a court accepting a guilty plea place a defendant under oath and, while addressing the defendant in open

7

court, "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence . . . ." Fed. R. Crim. P. 11(b)(1)(N). We apply "'plain error review under Rule 52(b) of the Federal Rules of Criminal Procedure'" to examine alleged violations of Rule 11 that were not objected to at the time of the plea. *Cook*, 722 F.3d at 481 (quoting *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012)). This review requires that a defendant demonstrate

> (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings . . . . Additionally, to show that a Rule 11 violation was plain error, the defendant must demonstrate that there is a reasonable probability that, but for the error, he would not have entered the plea.

*Id.* (alteration in original) (internal quotation marks omitted). Tellado raised no objection to the Rule 11 process at any point during his change of plea, nor did he do so at sentencing. We therefore review for plain error any shortcomings in the Rule 11 proceedings.

Tellado charges that the district court erred when it failed to explain the scope of his right to attack collaterally the sentence and the effect of his waiving this specific right. It is undisputed that the government did state on the record that Tellado "has agreed to waive his *rights of appeal or to collaterally attack* the conviction or sentence of imprisonment imposed by the Court, as long as the sentence does not exceed 188 months." Plea Hearing 23:16–19. We have explained that in this context, however, "to the extent a district court asks the prosecutor to recite the information listed in Rule 11(b)(1), the court should follow up to ask the defendant if he understands the information." *United States v. Rodriguez*, 725 F.3d 271, 277 (2d Cir. 2013). This is the very approach the district court adopted here, albeit with subsequent focused reference to the appeal waiver and no focus on the collateral attack waiver. Our review of the

8

record satisfies us, however, that the district court's inquiry of Tellado regarding the Government's explicit description of the full scope of the waiver was adequate to ensure that Tellado was aware of his rights and of what he was waiving. Indeed, we have characterized similar exchanges involving the court, prosecution, and defendant as "perfectly lucid and understandable." *Cook*, 722 F.3d at 482. The record of the plea hearing reflects Tellado's awareness of the importance of the right he was waiving, whether identified generally as a right to appeal or, as by the prosecution, as "rights of collateral attack." Plea Hearing 23:15. He was questioned repeatedly—pressed even—and assented at each inquiry that he understood the scope of his rights and the impact of the plea agreement waiver. We conclude, therefore, that the district court's omission of the phrase "collateral attack" in *its own* explanation of the rights Tellado was relinquishing does not, under these facts, constitute plain error. *Cf. United States v. Roitman*, 245 F.3d 124, 126 (2d Cir. 2001) ("The District Court's inadvertent omission of the words 'or below' cannot vitiate the waiver, since it would be absurd to think that a defendant willing to waive an appeal if sentenced within the range of 12 to 18 months was not also willing to waive an appeal if sentenced to a lesser term.").

As a further basis for our conclusion that any deficiency in the Rule 11 proceeding was not plain error, we have said that "to show plain error in the context of Rule 11, 'a defendant must establish that the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Yang Chia Tien*, 720 F.3d 464, 469 (2d Cir. 2013) (quoting *United States v. Garcia*, 587 F.3d 509, 515 (2d Cir. 2009)). In *Cook*, moreover, we cited as additional support for that defendant's failure to establish plain error the defendant's inability to demonstrate that but for the error he would not have entered the plea. *Cook*, 722 F.3d at 482–83. The district court recognized the paradox of

9

requiring this showing. That is, a defendant who seeks not to overturn his or her conviction but only "to avoid a waiver of his right to appeal or collaterally attack his sentence on the basis of a Rule 11(b)(1)(N) error," *Tellado*, 795 F. Supp. 2d at 175, nonetheless cannot sustain his or her collateral attack because of the nature of the relief sought. The Supreme Court, however, explained the general reasons to impose this burden upon defendants, namely (1) "to encourage timely objections and reduce wasteful reversals by demanding strenuous exertion to get relief for unpreserved error[;]" (2) to "respect the particular importance of the finality of guilty pleas, which usually rest, after all, on a defendant's profession of guilt in open court, and are indispensable in the operation of the modern criminal justice system . . . [;]" and (3) for the supporting reason "that the violation claimed was of Rule 11, not of due process." *United States v. Dominguez Benitez*, 542 U.S. 74, 82–83 (2004). Because Tellado has failed to demonstrate that he would not have entered the plea agreement had he been expressly and directly informed by the judge—instead of through the colloquy that occurred in court—of the full extent of the waiver provision, he has failed to satisfy his burden of showing that the district court plainly erred in the Rule 11 proceedings.

The remaining issue for us to decide is whether the district court abused its discretion in denying Tellado's motion to amend his § 2255 motion to include a claim for ineffective assistance of counsel. *See LoCascio v. United States*, 395 F.3d 51, 54 (2d Cir. 2005). Tellado would base his ineffective assistance of counsel claim on his trial counsel's failure to object to the imposition of the career offender enhancement under the Guidelines because Tellado had entered *Alford* pleas to his violations of Connecticut General Statutes § 21a-277. In other words, Tellado argues that his counsel was ineffective because he failed to anticipate this Court's decision in *Savage*, which was issued after Tellado's enhanced sentence became final.

10

Our review of the district court's decision in this regard and the underlying facts assures us that the court was well within its discretion in denying Tellado's motion to amend. Assuming, *arguendo*, that AEDPA's one year period of limitations, 28 U.S.C. § 2255(f), does not foreclose Tellado's claim for ineffective assistance of counsel, the merits of Tellado's claim are nonetheless unpersuasive. We have recently rejected a similar argument in *McCoy v. United States*, 707 F.3d 184 (2d Cir. 2013), holding "that trial counsel's failure to object to the second offender enhancement does not constitute constitutionally deficient performance," a case on all fours with this one. *Id.* at 187. On appeal from a denial of his § 2255 petition, McCoy contended that he was deprived of effective assistance of counsel when his counsel failed to anticipate changes in the law reflecting that a defendant's *Alford* plea to a violation of Connecticut General Statutes § 21a-277(a) could not be used for sentence enhancement purposes. *Id.* at 188. McCoy was convicted and sentenced pursuant to the second offender provision under 21 U.S.C. § 841(b) in August of 2006 based upon a prior *Alford* plea to a 1996 violation of Connecticut General Statutes § 21a-277(a). *Id.* His counsel had failed to offer any objection to the enhancement that was grounded on McCoy's *Alford* plea to the Connecticut charges. *Id.* Reviewing the trial attorney's representation, we reiterated that "an attorney is not required to forecast changes or advances in the law in order to provide effective assistance," *id.* at 188 (internal brackets and quotation marks omitted), and, thus, rejected the claim.

Similarly here, we cannot conclude that Tellado's "trial counsel's performance was unreasonable under 'prevailing professional norms.'" *See id.* (quoting *Harrington v. United States*, 689 F.3d 124, 129–30 (2d Cir. 2012)). Tellado pled guilty in May of 2007 and was sentenced in September of 2007. The *Savage* decision was published in September of 2008, nearly a year and a half after he had entered his plea and a year after he was sentenced. Though

11

the bedrock elements of the argument that would comprise the disposition in *Savage* were available to Tellado's counsel at the time of sentencing, counsel acted reasonably in relying on the law as it then stood. *See Harrington*, 689 F.3d at 129 ("The petitioner's burden is a heavy one because, at the first step of [the] analysis, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (internal quotation marks omitted)). "Consider[ing] the circumstances counsel faced at the time of the relevant conduct," we agree with the district court that Tellado has not met his heavy burden of demonstrating that his counsel's performance was objectively deficient. *See Davis v. Greiner*, 428 F.3d 81, 88 (2d Cir. 2005). For these reasons, the district court did not abuse its discretion in denying Tellado's motion to amend the § 2255 motion to assert a claim for ineffective assistance of counsel.

**Conclusion**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.