United States v. Mejias

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of July, two thousand fifteen.

PRESENT:
>
> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> **GERARD E. LYNCH,**
> *Circuit Judges.*

_____

**United States of America,**

*Appellee*,

v.                                                                                  **14-3070**

**Brandon Mejias,**

*Defendant-Appellant.*

_____

FOR APPELLANT:               Brandon Mejias, *pro se*, Gilmer, West Virginia.

FOR APPELLEE:                Jo Ann M. Navickas, Nathan D. Reilly, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Amon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Brandon Mejias appeals *pro se* from a July 8, 2014 district court order denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B). Mejias pleaded guilty before the district court, pursuant to a plea agreement waiving his right to appeal or collaterally attack his sentence. The waiver was knowing and voluntary, and by its express terms barred any future collateral attacks upon his term of imprisonment if he was sentenced at or below 120 months' imprisonment. He was sentenced to 87 months. While plea agreements are "applied narrowly and construed strictly against the Government," *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (internal quotation marks omitted), a defendant's knowing and voluntary waiver of the right to collaterally challenge a sentence is enforceable, *see Tellado v. United States*, 745 F.3d 48, 53 (2d Cir. 2014).

Mejias asked the district court to reduce his sentence because, he contended, in imposing sentence the district court had failed to consider a policy statement within the U.S. Sentencing Guidelines, in violation of 18 U.S.C. § 3553(a)(5). It is questionable whether such an application is permitted by § 3582(b)(1)(B), *see United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028-29 (9th Cir. 1999); but even if such an application is permitted, that attack on the validity of the original sentence is precisely the sort of collateral attack on a sentence that Mejias waived as part of his plea agreement. Because Mejias's motion was barred by his valid plea waiver, the district court did not err in denying it.

Accordingly, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk