10-4544-pr (L)
United States v. Nicholson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand sixteen.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
   *Appellee*,

   v.

                No. 10-4544-pr;
                No. 14-3711-pr

JAMES NICHOLSON,
   *Defendant-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:  ANDREW J. FRISCH, ESQ. (Jeremy B. Sporn, Esq., *on the brief*), New York, New York.

APPEARING FOR APPELLEE:  JENNIFER L. BEIDEL, Assistant United States Attorney (Justin Anderson, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

1

Consolidated appeal from judgments of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments entered on November 2, 2010, and September 25, 2014, are AFFIRMED.

Defendant James Nicholson, who over approximately six years defrauded more than 250 people, causing a loss of more than $100,000,000, stands convicted, based on his guilty plea, of securities fraud, see 15 U.S.C. §§ 78j(b), 78ff; investment adviser fraud, see id. §§ 80b-6, 80b-17; and mail fraud, see 18 U.S.C. § 1341.  On this consolidated appeal from the judgment of conviction and from the denial of his habeas challenge to that conviction, Nicholson argues (1) that his counsel was constitutionally ineffective at plea and sentencing for failing to advise him that double jeopardy barred consecutive prison sentences for mail and securities fraud based on the same conduct; and (2) that his total 40-year prison sentence was substantively unreasonable.  We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Ineffective Assistance of Counsel

A defendant complaining of ineffective assistance of counsel bears the heavy burden to show both that counsel's conduct "fell below an objective standard of reasonableness," and "a reasonable probability that, but for counsel's unprofessional

2

errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); see also United States v. Kimber, 777 F.3d 553, 562 (2d Cir. 2015); United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). Nicholson cannot carry this burden with respect to counsel's purported failure to identify a double jeopardy challenge to consecutive sentences because the argument is foreclosed by precedent. In United States v. Reed, 639 F.2d 896, 905 (2d Cir. 1981), this court held that the federal mail and securities fraud statutes "properly exist 'side by side'" in addressing different harms and, therefore, do not admit a multiplicity challenge to the charging of both crimes in a single indictment. More to the point of this case, Reed identified "no congressional intent to preclude multiple penalties when a defendant has been convicted of both mail fraud and securities fraud." Id. at 905–06. Counsel can hardly be deemed constitutionally ineffective for not pursuing an argument at odds with this controlling precedent. See Tellado v. United States, 745 F.3d 48, 55 (2d Cir. 2014) (denying ineffectiveness claim where counsel's actions comported with "law as it then stood").

In urging otherwise, Nicholson suggests that mail fraud was effectively a lesser included offense of the securities fraud in this case. We need not here decide whether this argument, raised for the first time on appeal, is barred by Nicholson's guilty plea because it fails in any event.[1] Mail fraud requires proof of an element—use of the mails—not

---

[1] The Supreme Court has left open the possibility that a double jeopardy violation apparent on the face of the indictment or the record existing at the time a plea is entered is not

3

required by securities fraud.  See United States v. Reed, 639 F.2d at 905.  Nicholson submits that multiplicity should not be assessed by looking only to the elements of mail and securities fraud, see Blockburger v. United States, 284 U.S. 299, 304 (1932), but by looking to the "reality of the facts presented," which he submits demonstrate that the crimes were not distinct, Appellant's Br. 33.  Even if such an argument could be reconciled with the Supreme Court's rejection of a "same conduct" approach in favor of Blockburger's "same offense" inquiry, see United States v. Dixon, 509 U.S. 688, 704 (1993), the record does not support it here.  A number of Nicholson's fraudulent mailings reached beyond the purchase or sale of securities, and his own plea allocution acknowledged that he maintained the securities scheme through fraudulent communications made by means other than the mails.

Thus, his multiplicity challenge fails on the merits, and counsel cannot be deemed constitutionally ineffective for failing to pursue it.

2.     Substantive Reasonableness

In challenging the substantive reasonableness of his 40-year prison sentence, Nicholson confronts the significant hurdle of his plea agreement waiver of the right to appeal any sentence less than 45 years.  While Nicholson advances various arguments for not enforcing this waiver, we need not address them here because he fails, in any event, to

waived.  See United States v. Broce, 488 U.S. 563, 575–76 (1989).  That, however, is not this case.

demonstrate that his within-Guidelines sentence fell outside the broad range of choices available to the district court. See United States v. Cavera, 550 F.3d 180, 200 (2d Cir. 2008) (en banc) ("[F]or a sentence to be substantively unreasonable, it must fall outside the 'broad range' warranted by the totality of the circumstances." (quoting United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008))); United States v. Sero, 520 F.3d 187, 189 (2d Cir. 2008) ("We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." (internal quotation marks omitted)).

While Nicholson argues that his sentence affords too much weight to the Guidelines' loss calculations and too little weight to the need to avoid sentencing disparities, the record is to the contrary. The district court specifically stated that it viewed the loss Guidelines as only a "crude measure" of loss. Gov. Addendum 72. Thus, in imposing sentence, it did not rely only on the $100 million total loss that triggered Nicholson's Guidelines enhancement, but also on its review of hundreds of victims' letters, and on the in-court statements of nine victims. It was this case-specific information that put Nicholson's crime in context, revealing the identified loss to have been sustained by hundreds of individuals of modest means, many of whom lost their life savings. Further, the district court considered that, as Nicholson's scheme collapsed causing these losses, he purchased a $25 million home in the Hamptons. Id. at 71. In sentencing Nicholson, the district court acknowledged Nicholson's favorable personal characteristics but explained

5

that it kept "coming back to the victims," observing that "there are very few crimes of this magnitude that have inflicted this much pain." Id. at 72, 76. It decided not to impose the 45-year sentence at the high end of Nicholson's Guidelines range, as urged by the government, in order to allow Nicholson "at least the hope of living the last years of his life as a free man." Id. at 75. But it concluded that a sentence less than 40 years "would be inappropriate" both because "it would be unfair to the victims" and because "it would send the wrong message" to others who might be tempted to engage in such fraud. Id. at 76.

Such reasoning supports the challenged sentence, and Nicholson fails to demonstrate otherwise by reference to any similarly situated comparators. See United States v. Fernandez, 443 F.3d 19, 31–32 (2d Cir. 2006) (noting that sentencing statute "mandates that sentencing judges take into account 'unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct'" (emphasis added by Fernandez) (quoting 18 U.S.C. § 3553(a)(6))); see also United States v. Coppola, 671 F.3d 220, 254 (2d Cir. 2012) (stating that § 3553(a)(6) "is only one of several factors that must be weighted and balanced and how the factor is weighed is a matter firmly committed to the discretion of the sentencing judge" (internal quotation marks omitted)). Thus, we conclude that Nicholson's reasonableness challenge to his sentence fails on the merits.

3.    Conclusion

We have considered Nicholson's remaining arguments, including those in his supplemental pro se submission, and conclude that they either fall outside the scope of this court's certificate of appealability, which we decline to expand, or are without merit. Accordingly, the judgments of the district court are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court