11-3457
*McCoy v. United States*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2012

(Argued: December 13, 2012      Decided: January 30, 2012)

Docket No. 11-3457
_____

TRANELL MCCOY,

*Petitioner-Appellant*,

-v.-

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Before:
        WESLEY, HALL, *Circuit Judges*, Goldberg, *Judge*.[*]

Appeal from the district court's judgment of August 9, 2011, entered pursuant to its ruling and order of August 4, 2011, denying Petitioner-Appellant Tranell McCoy's petition for writ of habeas corpus and issuing a certificate of appealability as to McCoy's ineffective assistance of counsel claim. In its ruling and order, the district court held, *inter alia*, that McCoy's trial counsel was not constitutionally defective for failing to challenge a second offender notice filed by the government, *see* 21 U.S.C. §

_____
[*] The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

851, which caused the five year mandatory minimum sentence for McCoy's convictions to increase to ten years, *see* 21 U.S.C. § 841(b)(l)(B).  We affirm.

AFFIRMED.

———————————————————

STEVEN B. RASILE, Law Offices of Mirto & Rasile, LLC, West Haven, CT *for Petitioner-Appellant*.

ROBERT M. SPECTOR, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney of Counsel, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT *for Respondent-Appellee.*

———————————————————

PER CURIAM:

Petitioner-Appellant Tranell McCoy appeals from the district court's judgment of August 9, 2011, entered pursuant to its ruling and order of August 4, 2011, denying his petition for writ of habeas corpus and issuing a certificate of appealability as to McCoy's ineffective assistance of counsel claim.  In its ruling and order, the district court held, *inter alia*, that McCoy's trial counsel was not constitutionally defective for failing to challenge a second offender notice filed by the government, *see* 21 U.S.C. § 851, which caused the five year mandatory minimum sentence for McCoy's convictions to increase to ten years, *see* 21 U.S.C. § 841(b)(l)(B).  *McCoy v. United States*, No.

3:09-cv-1960 (MRK), 2011 WL 3439529, at *1 (D. Conn. Aug. 4, 2011).  For the following reasons, we affirm.

## I.

In August 2006, a jury convicted McCoy on charges contained in two separate indictments, including conspiracy to possess with intent to distribute five grams or more of cocaine base; possession with intent to distribute five grams or more of cocaine base; possession with intent to distribute marijuana; and possession of a firearm in furtherance of a drug trafficking crime.  *Id.*

Before trial, the government filed a second offender notice pursuant to 21 U.S.C. § 851.  In that notice, the government indicated its intent to rely on a prior felony drug conviction that would subject McCoy to a sentencing enhancement under 21 U.S.C. § 841(b).  The offense identified by the government was McCoy's 1996 conviction for the sale of narcotics in violation of Connecticut General Statutes § 21a-277(a).  In that 1996 case, McCoy entered an *Alford* plea, *i.e.*, McCoy never admitted to the facts underlying his conviction.  *See North Carolina v. Alford*, 400 U.S. 25 (1970).  McCoy's trial counsel did not object to the second offender notice, which caused McCoy's five year mandatory minimum sentence to increase to ten years.  *See* 21

U.S.C. § 841(b)(1)(B). The district court ultimately imposed a non-Guidelines sentence of 181 months' imprisonment and eight years supervised release. On direct appeal, McCoy's appellate counsel did not object to the second offender enhancement or any other aspect of his sentence. *McCoy*, 2011 WL 3439529, at *6.

On March 17, 2011, McCoy filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 alleging that (1) his sentence was illegal insofar as it was based on a second offender enhancement under § 851; and (2) his trial counsel was ineffective for failing to object to the second offender enhancement.[1] McCoy argued, and the government now concedes, that because he entered an *Alford* plea, the plea transcript and other court documents did not provide a sufficient basis for finding a predicate "felony drug offense." *See* 21 U.S.C. § 841(b)(1)(B).

The district court rejected both of McCoy's claims. With respect to his claim that his sentence was illegal, the district court concluded that McCoy failed to establish either cause or prejudice to excuse his failure to object to

---

[1] McCoy filed his original § 2255 petition in December 2009. He amended his petition in January 2010. The claims raised in his original and January 2010 amended petition, as well as the district court's disposition of those claims, are not relevant to this appeal.

the second offender enhancement on direct appeal. *McCoy*, 2011 WL 3439529, at *6-7. It reasoned that the legal basis for his claim was "reasonably available at the time of Mr. McCoy's direct appeal," and that he was not prejudiced because "whether or not the second offender enhancement applied, Mr. McCoy's sentence was in fact far below the applicable Guidelines range." *Id.* at *6-8. The district court also rejected McCoy's ineffective assistance of counsel claim, concluding that he did not meet the requirements of the *Strickland* standard. *Id.* at *9-10; *see Strickland v. Washington*, 466 U.S. 668 (1984). Nevertheless, the district court issued a certificate of appealability as to the ineffective assistance of counsel claim. *McCoy*, 2011 WL 3439529, at *10. Although the court was "confident that the performance of Mr. McCoy's trial counsel was not constitutionally deficient," it concluded that "reasonable jurists could debate the Court's assessment" of this claim. *Id.*

**II.**[2]

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must demonstrate that: (1) his

---

[2] We review *de novo* a district court's denial of a § 2255 petition. *Fountain v. United States*, 357 F.3d 250, 254 (2d Cir. 2004).

counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687–88, 694.  McCoy's petition fails at both steps.

McCoy bears a "heavy" burden to establish that trial counsel's performance was unreasonable under "'prevailing professional norms.'"  *Harrington v. United States*, 689 F.3d 124, 129-30 (2d Cir. 2012) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011)).  In this vein, he argues that trial counsel's failure to object to the second offender notice fell below prevailing professional norms and was constitutionally deficient.

McCoy premises his claim on a discrepancy between the Connecticut and federal drug schedules.  When McCoy entered an *Alford* plea in 1996, Connecticut General Statutes § 21a-277(a) criminalized some conduct that did not fall within the federal definition of a "felony drug offense." Specifically, Connecticut criminalizes conduct involving two obscure opiate derivatives, thenylfentanyl and benzylfentanyl, that no longer fall within the federal definition of a "felony drug offense."  *Compare* Conn.

Agencies Regs. § 21a-243-7(a)(10), para. 52, *with* 21 U.S.C. § 811(a)(1),(h)(2); 51 Fed. Reg. 43025 (Nov. 28, 1986); 50 Fed. Reg. 43698 (Oct. 29, 1985).  Thus, to establish that McCoy's state conviction qualified as a predicate offense triggering a § 851 sentence enhancement, the government concedes that it needed to rely on court documents "in which the factual basis for [McCoy's] plea was confirmed by the defendant."  *Shepard v. United States*, 544 U.S. 13, 26 (2005).  Instead, the government categorically relied on McCoy's 1996 *Alford* plea.

We agree with the district court that trial counsel's failure to object to the second offender enhancement does not constitute constitutionally deficient performance.  As the court explained, at the time of McCoy's trial and sentencing the District of Connecticut "had proceeded with the long-held belief that prior Connecticut convictions for sale of narcotics qualified categorically as . . . felony drug offenses under 21 U.S.C. § 841(b)(1)."  *McCoy*, 2011 WL 3439529, at *9 (internal quotation marks and citation omitted); *see also* Sarah French Russell, *Rethinking Recidivist Enhancements: The Role of Prior Drug Convictions in Federal Sentencing*, 43 U.C. Davis L. Rev. 1135, 1199-1202 (2010) (same).  Accordingly, the performance of McCoy's

trial counsel did not "amount[] to incompetence under prevailing professional norms" as examined from counsel's perspective at the time. *Harrington v. Richter*, 131 S. Ct. at 788 (internal quotation marks and citation omitted).

McCoy does not contest that this was the prevailing professional norm at the time of his trial and sentencing. Instead, he argues that trial counsel should have objected to the second offender enhancement based on developments in the law that occurred **after** his trial. We disagree.

Several weeks after trial, a district court in Connecticut held, for the first time, that a conviction under Connecticut General Statute § 21a-277(a) was not categorically a conviction for a "serious drug offense" under 18 U.S.C. § 924(e) because of the criminalization in Connecticut of benzylfentanyl and thenylfentanyl.[3] *United States v. Madera*, 521 F. Supp. 2d 149, 154-55 (D. Conn. 2007); *see also United States v. Lopez*, 536 F. Supp. 2d 218, 221-222 (D. Conn. 2008) (same); *United States v. Cohens*, No. 3:07-cr-195 (EBB), 2008 WL 3824758, at *4-5 (D. Conn. Aug. 13, 2008) (same). A year after *Madera*, we held that a

---

[3] A "serious drug offense" under § 924 includes any offense that qualifies as a "felony drug offense" under § 841. *See* 18 U.S.C. § 924(e)(2); 21 U.S.C. § 802(44).

conviction under § 21a-277(b) was not categorically a conviction for a "controlled substance offense" as that term is defined in U.S.S.G. § 4B1.2(b), the career offender guideline.  *United States v. Savage*, 542 F.3d 959, 960 (2d Cir. 2008).

But "[a]n attorney is not required to forecast changes or advances in the law" in order to provide effective assistance.  *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (internal quotation marks and citation omitted). Rather "counsel's performance must be assessed . . . as of the time of counsel's conduct without the benefit of hindsight."  *Id.* (internal quotation marks omitted). Moreover, even after *Madera*, *Lopez*, *Cohens*, and *Savage*, it was not immediately apparent to the defense bar that an *Alford* plea to Connecticut's controlled substance laws could not categorically serve as the basis to enhance a sentence under 21 U.S.C. § 841(b).  These cases did not address the long-accepted use of the categorical approach to determine whether a defendant has been convicted of a prior felony drug offense under § 841(b).  Indeed, it was not until June 29, 2009 that the government acknowledged § 21a-277(a) criminalized conduct involving narcotic substances not covered by the federal definition of a "felony drug offense"

used in 21 U.S.C. §§ 802(44) and 841(b)(1). *See* Sentencing Mem. of United States at 6-8, *United States v. Jackson*, No. 3:06-cr-151 (MRK) (D. Conn. June 29, 2009) (ECF No. 96). We should not fault trial counsel for failing to raise an objection to the second offender enhancement the legal basis for which was not sustained until almost three years after trial. *See Sellan*, 261 F.3d at 315.

McCoy counters that the district court placed him in a "Catch 22" by finding that his claim did not overcome the "cause" portion of the procedural default standard, while also concluding that counsel was not deficient because the argument was novel at the time of the sentencing. But McCoy ignores the differences between determining whether cause exists to excuse a procedural default and whether counsel's performance was constitutionally deficient. As the district court carefully explained, the reason that McCoy failed to establish cause for failing to raise the challenge below is because the argument was "reasonably available" to McCoy and nothing external prevented him from making it. *McCoy*, 2011 WL 3439529, at *6-7. But given the defense bar's long-held position that Connecticut narcotics convictions categorically qualified under § 851, it did not constitute ineffective assistance for trial counsel to fail to challenge the second offender notice. *Id.* at *9.

Finally, even if trial counsel's performance was deficient, there is not a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. The district court made it exceedingly clear in its original written judgment and in its ruling on the habeas petition that a lower mandatory minimum sentence would not have changed McCoy's sentence.[4] *McCoy*, 2011 WL 3439529 at *8–9.

### III.

For the foregoing reasons, the judgment of the district court, entered pursuant to its thorough and thoughtful ruling and order, is **AFFIRMED**.

---

[4] We decline to consider whether the performance of McCoy's appellate counsel was constitutionally deficient as this claim was not included in the certificate of appealability. *See Armienti v. United States*, 234 F.3d 820, 824 (2d Cir. 2000).