12-4993-cr
*United States v. Vailette*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand fourteen.

PRESENT:
>DEBRA ANN LIVINGSTON,
>GERARD E. LYNCH,
>CHRISTOPHER F. DRONEY,
>
>>*Circuit Judges*.

———————————————————————————

UNITED STATES OF AMERICA,

>*Appellee*,

- v. -                                                    No. 12-4993-cr

JOHN VAILETTE,

>*Defendant-Appellant*.

———————————————————————————

>MARJORIE M. SMITH, Brooklyn, NY, *for Defendant-Appellant*.
>
>EDWARD M. CHANG (Sandra S. Glover, *on the brief*), for Deirdre M. Daly, United States Attorney for the District of Connecticut, *for Appellee*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED**

that the appeal is **DISMISSED**.

On March 20, 2008, Defendant-Appellant John Vailette ("Vailette") pleaded guilty to distributing and possessing with intent to distribute five grams or more of cocaine base in violation of the then-applicable version of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The United States District Court for the District of Connecticut (Arterton, *J.*) initially sentenced Vailette principally to 120 months' imprisonment, which the district court believed was the mandatory minimum in light of Vailette's prior felony conviction for violating Connecticut General Statutes § 21a-279(a). *See* 21 U.S.C. § 841(b)(1)(B) (increasing mandatory minimum from five to ten years for defendants convicted after "a prior conviction for a felony drug offense has become final"). The district court later vacated Vailette's sentence because § 21a-279(a) criminalizes some conduct that does not qualify as a "felony drug offense" and Vailette's *Alford* plea rendered the factual basis for his conviction unclear. *Vailette v. United States*, No. 08-cv-1477 (JBA), 2012 WL 4321760, at *4-5 (D. Conn. Sept. 20, 2012). On resentencing, the district court sentenced Vailette principally to 108 months' imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

Vailette's challenges to the reasonableness of his sentence are barred by the terms of his plea agreement, in which he agreed not to "appeal or collaterally attack in any proceeding . . . the conviction or sentence of imprisonment imposed by the Court if that sentence is within or below the Stipulated Sentencing Guidelines Range" of 120 to 137 months. Gov't App'x at 6. It is well established that such appeal waivers are presumptively enforceable. *See United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011). Nonetheless, Vailette argues that his appeal is not barred because his trial counsel rendered constitutionally defective assistance by failing to challenge the government's suggestion, pursuant to 21 U.S.C. § 851(a), that Vailette's conviction under § 21a-279(a) ranked as

2

a "felony drug offense" requiring a ten-year mandatory minimum.[1]  Although a meritorious claim

of ineffective assistance of counsel can sometimes render an appeal waiver unenforceable, we

conclude that Vailette's claim lacks merit and that his appeal must therefore be dismissed.  *See*

*United States v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004).

A defense attorney renders ineffective assistance under the Sixth Amendment when her

performance (1) falls "outside the wide range of professionally competent assistance" and (2)

prejudices the defendant, "in the sense that 'there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.'"  *Chhabra v. United*

*States*, 720 F.3d 395, 406, 408 (2d Cir. 2013) (quoting *Bennett v. United States*, 663 F.3d 71, 84 (2d

Cir. 2011)); *see Strickland v. Washington*, 466 U.S. 668, 690, 694 (1984).  With respect to the first

prong of this analysis, a defendant's burden to show that his counsel's performance was deficient

is a "heavy one" because of the "presumption that counsel's conduct falls within the wide range of

reasonable professional assistance."  *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012)

(quoting *Raysor v. United States*, 647 F.3d 491, 495 (2d Cir. 2011)) (internal quotation mark

omitted).

Vailette's argument that his trial counsel rendered inadequate assistance by failing to object

to the government's second offender notice is unavailing.  The definition of a "felony drug offense"

includes offenses punishable by more than one year's imprisonment under any state law that

"prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steriods, or depressant

or stimulant substances."  21 U.S.C. § 802(44).  These categories of drug have federal statutory

---

[1] Vailette raised this argument in response to the government's July 24, 2013 motion to dismiss, which was denied without prejudice.

definitions, and Connecticut criminalizes conduct involving two drugs—benzylfentanyl and thenylfentanyl—that fall outside these definitions. For this reason, a Connecticut drug conviction like Vailette's does not "categorically" qualify as a felony drug offense; instead, a second offender enhancement based on such a conviction requires looking to court documents "in which the factual basis for [the defendant's] plea was confirmed by the defendant." *McCoy v. United States*, 707 F.3d 184, 187 (2d Cir. 2013) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)) (internal quotation marks omitted).

As we clarified in *McCoy*, however, knowledge of this discrepancy between Connecticut and federal law was not expected of a reasonably competent defense lawyer until June 29, 2009—more than a year after Vailette pleaded guilty. That was when the government first acknowledged that Connecticut drug convictions do not categorically qualify as felony drug offenses under § 841(b). *McCoy,* 707 F.3d at 188. Accordingly, the performance of Vailette's trial counsel was not constitutionally defective because "'[a]n attorney is not required to forecast changes or advances in the law' in order to provide effective assistance." *Id.* (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001)). Given that Vailette has not established that his counsel's performance fell below the range of professionally competent assistance, we need not address the government's argument that he has not established prejudice from his counsel's actions.

Because Vailette's ineffective assistance of counsel claim lacks merit, we reject his argument that his appeal waiver is unenforceable. For the foregoing reasons, this appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4