16-2735-cv(L)
*Saxon v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand seventeen.

PRESENT:    DENNY CHIN,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
            COLLEEN McMAHON,
                    *Chief District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TORRELL M. SAXON,

        *Petitioner-Appellant*,

    v.                                          16-2735-cv(L)
                                                16-2736-cv(con)

UNITED STATES OF AMERICA,

        *Respondent-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]     Chief Judge Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PETITIONER-APPELLANT:     BENJAMIN GRUENSTEIN, Cravath, Swaine &
                              Moore LLP, New York, New York.

FOR RESPONDENT-APPELLEE:      DANIELLE RENEE SASSOON, Assistant
                              United States Attorney (Margaret Garnett,
                              Assistant United States Attorney, *on the brief*),
                              *for* Joon H. Kim, Acting United States Attorney
                              for the Southern District of New York, New
                              York, New York.

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-appellant Torrell Saxon appeals the denial of his 28 U.S.C. § 2255 motion, which sought vacatur of a July 25, 2013 judgment of conviction on two narcotics distribution charges on grounds that his lawyer was constitutionally ineffective in negotiating his plea agreement. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

*BACKGROUND*

On March 25, 2012, a man in Middletown, New York called 911 to report that Saxon had attempted to rob him and others in the man's home, had shot at one of them, but had been subdued. Officers arrived at the scene, found a gun, and arrested Saxon.

On April 23, 2012, Saxon was indicted on one count of illegal possession of a firearm under 18 U.S.C. § 922(g)(1). The indictment also sought a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which applies to defendants who have "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). Saxon has three New York state convictions: two first-degree robbery convictions from 2000 and a 1996 conviction for third-degree criminal sale of a controlled substance.

Saxon was appointed counsel from the Federal Defenders of New York. During the course of the representation, Saxon relayed to counsel that his primary concern was the ACCA enhancement: He wanted to avoid conviction on any charge with a fifteen-year mandatory minimum. Nonetheless, counsel never researched whether Saxon was eligible for the ACCA enhancement. Instead, she assumed he was eligible and advised that he make an "Innocence Proffer" "where [Saxon] would tell his side of the story to the [G]overnment without any protections." J. App. 297. She believed the Government could be persuaded to drop the gun charge. Saxon agreed to this strategy. He proffered to the Government that he went to the house to sell drugs, but claimed that the inhabitants of the residence robbed him at gunpoint and that he never possessed a gun on the night of his arrest.

The strategy worked. A plea agreement was entered pursuant to which the Government dismissed the gun charge and the ACCA enhancement in exchange for Saxon's guilty plea to two narcotics distribution charges. The plea agreement stipulated to a Guidelines range of 151 to 188 months and reserved the Government's right to seek a two-level sentencing enhancement for firearm possession after a *Fatico* hearing. The two-level enhancement would not have actually affected Saxon's Guidelines range; his status as a career offender rendered irrelevant the two-level enhancement in determining his sentencing range of 151 to 188 months.

Although Saxon pleaded guilty on December 21, 2012, he later tried to withdraw the plea because of the possible two-level enhancement. He was adamant that he did not have a gun on the night of his arrest. Counsel advised against withdrawing the plea because it would expose Saxon to the fifteen-year mandatory minimum ACCA enhancement again. On April 9, 2013, counsel informed the district court that she had advised Saxon not to withdraw his plea, and Saxon confirmed that he would follow her advice.

On May 30, 2013, after a *Fatico* hearing, the district court found by a preponderance of the evidence that Saxon possessed and fired a gun on the night of his arrest. Accordingly, the district court applied the two-level enhancement for possession of the firearm. Nonetheless, the district court sentenced Saxon to 120 months' imprisonment, below the stipulated Guidelines range of 151 to 188 months.

On July 16, 2013 and January 27, 2014, Saxon filed § 2255 motions alleging ineffective assistance of counsel. On September 3, 2015, Saxon, represented by counsel appointed pursuant to the Criminal Justice Act, filed a brief raising the ACCA eligibility issue.

Saxon claimed that counsel was ineffective because she incorrectly assumed that the ACCA enhancement applied to him. The district court agreed, concluding that because of counsel's "apparent lack of research . . . and her attendant failure to assert" a meritorious argument that Saxon was ineligible for the enhancement, counsel's representation "fell below an objective standard of reasonableness and thus constituted ineffective performance." Special App. 20.

Specifically, the district court faulted counsel for failing to raise an argument premised on a footnote in *McNeill v. United States*, 563 U.S. 816, 825 n.1 (2011). *McNeill* held that, when a state prospectively reduces the maximum term of imprisonment for a drug offense, a court must look to the maximum term for such offense at the time of defendant's conviction in determining whether the offense is a "serious drug offense" under the ACCA, 18 U.S.C. § 924(e)(2)(A)(ii). *See* 563 U.S. at 825. In a footnote, however, the Supreme Court noted that it was not deciding "whether or under what circumstances a federal court could consider the effect of [] state action" that "subsequently lowers the maximum penalty applicable to an offense and makes that

reduction available to all defendants previously convicted and sentenced for that offense." *Id.* at 825 n.1.

The district court reasoned that, because New York's Drug Law Reform Act of 2009 reduced the maximum term of imprisonment for third-degree criminal sale of a controlled substance from twenty-five years to nine years and made that reduction available to a subset of previously convicted defendants, whether Saxon's 1996 narcotics conviction qualified as a "serious drug offense" under the ACCA was a question left open by the *McNeill* footnote. Following the rulings of two other judges in the Southern District of New York, *see United States v. Calix*, No. 13 Cr 582 (RPP), 2014 WL 2084098, at *11-15 (S.D.N.Y. May 13, 2014), and *United States v. Jackson*, No. 13 Cr 142 (PAC), 2013 WL 4744828, at *3-6 (S.D.N.Y. Sept. 4, 2013), the district court held that Saxon's 1996 narcotics conviction was not a "serious drug offense."[1] Accordingly, the district court concluded that ACCA's fifteen-year mandatory minimum was inapplicable to Saxon because he had only two qualifing predicate offenses (the 2000 robbery convictions) and, thus, counsel's failure to research Saxon's ACCA eligibility amounted to ineffective assistance of counsel under the Sixth Amendment.

Nevertheless, the district court held that Saxon was not prejudiced by counsel's error because the Government proffered that it would have superseded to add additional charges to raise Saxon's Guidelines floor if the ACCA enhancement were

---

[1]     Both of those rulings were issued after Saxon pleaded guilty and was sentenced.

dismissed. On that basis, the district court concluded there was no reasonable probability that Saxon would have gone to trial or secured a different plea deal. Therefore, it denied the § 2255 motion.

On August 4, 2016, the district court issued a Certificate of Appealability ("COA") on the issue of "[w]hether, under the second prong of *Strickland*, Petitioner was prejudiced by his counsel's failure to challenge the application of the ACCA to his [prior drug] conviction." Special App. 37. Saxon timely appealed.

### *DISCUSSION*

"On appeal from a district court's denial of habeas relief under 28 U.S.C. § 2255, we review factual findings for clear error and conclusions of law *de novo*." *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012). The Government is "entitled to seek affirmance on any ground available in the record and to do so need not have sought a COA, . . . nor filed a cross-appeal." *Cornell v. Kirkpatrick*, 665 F.3d 369, 377 n.6 (2d Cir. 2011) (citation omitted).

The Sixth Amendment grants criminal defendants "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970)). To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Id.* at 687. As to the first element, the Supreme Court recently noted that the Constitution "sets a high

bar" for defendants claiming inadequate counsel. *Buck v. Davis*, 137 S. Ct. 759, 775 (2017). Because "[a] defense lawyer navigating a criminal proceeding faces any number of choices about how best to make a client's case," *id.*, we evaluate counsel's "actions in light of the law and circumstances confronting counsel at the time" of the claimed inadequacy. *Harrington*, 689 F.3d at 129. We apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. At its core, the "question at this step is not whether counsel 'deviated from best practices or most common custom,' but whether [counsel's] 'representation amounted to incompetence under prevailing professional norms.'" *Harrington*, 689 F.3d at 129-30 (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

Applying this standard, we have noted that "omissions [that] cannot be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight, carelessness, ineptitude, or laziness" are errors indicative of deficient performance. *Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003). For example, we have held that failing to research the relevant law and thus overlooking favorable controlling precedent from a state's highest court is deficient performance. *Cornell*, 665 F.3d at 379-80. Nonetheless, the Sixth Amendment does not require counsel to anticipate changes in the law or make objections based on "developments in the law that occurred after [defendant's trial]." *McCoy v. United States*, 707 F.3d 184, 187 (2d Cir. 2013) (per curiam) (emphasis omitted); *see also Tellado v. United States*, 745 F.3d 48, 55 (2d Cir. 2014).

Here, taking counsel's actions in light of the law and circumstances confronting her at the time she advised Saxon to accept the plea deal, we conclude that her representation was constitutionally adequate. *See Harrington*, 689 F.3d at 129-32. Just a year and a half before Saxon's plea negotiations, the Supreme Court held in *McNeill* that under ACCA "the 'maximum term of imprisonment' for a defendant's prior state drug offense is the maximum sentence applicable to his offense *when he was convicted of it*." *McNeill*, 563 U.S. at 818 (emphasis added). *McNeill* abrogated our decision in *United States v. Darden*, 539 F.3d 116 (2d Cir. 2008), in which we held that courts should examine state law in effect at the time of a defendant's federal sentencing. *See Rivera v. United States*, 716 F.3d 685, 690 (2d Cir. 2013) (rejecting petitioner's reliance on *Darden* because "*McNeill* abrogated *Darden*"). Therefore, as the district court noted, a "*straightforward* application of *McNeill* would . . . dictate that [Saxon's] conviction constituted a 'serious drug offense' for ACCA purposes because the maximum term of imprisonment was more than ten years in 1996," when he was convicted. Special App. 10 (emphasis added).

Saxon argues that the Sixth Amendment obliged counsel to push beyond this "straightforward application" because of the aforementioned footnote in *McNeill*. But even assuming that Saxon is correct about the import of that footnote -- which is far from clear -- we conclude that counsel was not ineffective in failing to contest Saxon's ACCA eligibility on that ground because "an attorney is not required to forecast

changes or *advances* in the law in order to provide effective assistance." *United States v. Kimber*, 777 F.3d 553, 563 (2d Cir. 2015) (emphasis added) (quoting *McCoy*, 707 F.3d at 188) (rejecting claim of ineffective assistance of counsel premised on counsel's failure to argue that a criminal statute did not cover his "local" conduct because, at the time of petitioner's guilty plea, "no federal appellate court, let alone the Supreme Court, had held that [the relevant statute] did not reach conduct that might be described as 'local'"). This is true even where "the bedrock elements of the argument" supporting petitioner's position were available to counsel at the time of her alleged incompetence. *Tellado*, 745 F.3d at 55. Moreover, here, counsel consulted with her supervisor at Federal Defenders about the Innocence Proffer strategy, discussed with Saxon the risks of that strategy vis-à-vis proceeding to trial on the charged firearm offense with the ACCA enhancement, and, as the district court noted, negotiated "a fairly favorable plea based on the charges [Saxon was] originally facing," one that "frankly surprised" the district judge. App. 430. Indeed, Saxon went from facing a gun charge with a mandatory minimum sentence of fifteen years, or 180 months, to dismissal of the gun charge and a below-Guidelines sentence of only 120 months on drug charges. Accordingly, contrary to the district court, we conclude that counsel was not ineffective in failing to raise the argument premised on the *McNeill* footnote.

We note, however, that by affirming the district court on this ground, we do not mean to suggest that we agree with its conclusion, or the conclusions of other

district judges in the Southern District of New York, concerning the merits of Saxon's ACCA eligibility argument.[2] We do not reach the merits of that argument because, in this case, counsel was not ineffective in failing to raise it.

We have reviewed Saxon's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Indeed, we further note that the Eleventh Circuit, in an opinion joined by one of our colleagues sitting by designation in that circuit, expressly rejected the reasoning in *Jackson*, 2013 WL 4744828, and *Calix*, 2014 WL 2084098. *See Cortes-Morales v. Hastings*, 827 F.3d 1009, 1015 (11th Cir. 2016) (per curiam), *cert. denied*, 2017 WL 2322942 (U.S. May 30, 2017).