**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4731-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

QUMERE MCCLENDON,

    Defendant-Appellant.

_____

Submitted October 2, 2018 – Decided January 29, 2019

Before Judges Suter and Firko.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 07-09-0125.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, of counsel and on the brief).

PER CURIAM

Defendant Qumere McClendon appeals the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For reasons that follow, we affirm.

I.

This case arises from the death of Keith Mason, who, with his two-year old son present, was shot and killed by defendant during a robbery. Defendant was convicted by a jury in 2011 of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) and N.J.S.A. 2C:2-6; first-degree robbery, N.J.S.A. 2C:15-1(a)(2) and 2C:2-6; second-degree burglary, N.J.S.A. 2C:18-2 and 2C:2-6; second-degree conspiracy to commit robbery and burglary, N.J.S.A. 2C:5-2; second-degree witness tampering, N.J.S.A. 2C:28-5(a); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) and N.J.S.A. 2C:2-6; and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).[1] In a second trial before the same jury, defendant was also convicted of second-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(b). He was sentenced on the felony murder charge to thirty years in prison without parole and to a concurrent

---

[1] Defendant was acquitted of first-degree purposeful or knowing murder, N.J.S.A. 2C:11-3(a)(1) and (2).

A-4731-16T3

term of twenty years on the robbery charge with parole ineligibility for eighty-five percent of that term. He also was sentenced to three other terms: a ten-year term on the certain persons offense; a ten-year term on the witness tampering charge; a five-year term on the endangering child welfare charge. Each was consecutive to the other and the ten-year terms also carried a five-year period of parole ineligibility. Defendant's aggregate sentence was fifty-five years of incarceration with a forty-year period of parole ineligibility. The other counts were appropriately merged.

Defendant appealed and we affirmed his convictions and sentence. State v. McClendon, No. A-0589-11 (App. Div. March 7, 2014). We rejected defendant's arguments that his videotaped statement was the product of coercion during interrogation, his second statement to the police should have been suppressed because he asked for an attorney and his sentence was excessive. Id. at 3. The Supreme Court denied defendant's petition for certification. State v. McClendon, 219 N.J. 628 (2014).

Defendant filed this PCR petition in January 2015 and his PCR counsel filed an additional brief. Together they raise a number of issues of alleged ineffective assistance of counsel.

The PCR court denied defendant's petition on January 30, 2017, following oral argument. In his written decision, the PCR judge rejected defendant's petition on procedural and substantive grounds, and denied defendant's request for an evidentiary hearing.

Defendant presents the following issues for our consideration in his appeal:

> POINT I:
>
> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> A. The Prevailing Legal Principles Regarding Claims Of Ineffective Assistance Of Counsel, Evidentiary Hearings And Petitions For Post-Conviction Relief.
>
> B. Defendant Should Be Granted Post-Conviction Relief Because Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Object To The Testimony Of A Medical Examiner Who Did Not Perform The Autopsy Of The Victim.
>
> C. Defendant Should Be Granted Post-Conviction Relief Because Trial Counsel Rendered Ineffective Legal Representation By Virtue Of

His Failure To Challenge The Legality Of Defendant's Arrest.

D.  Defendant Should Be Granted Post-Conviction Relief Because Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Call Defendant and Defendant's Mother To Testify At The Suppression Hearing.

E.  Defendant Should Be Granted Post-Conviction Relief Because Trial Counsel Rendered Ineffective Legal Representation By Virtue Of Him Advising Defendant Not To Testify At Trial Without First Discussing Defendant's Proposed Trial Testimony And Possible Cross-Examination Questions With Him.

F.  Defendant Should Be Granted Post-Conviction Relief Because Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Ensure That Defendant Received A Fair Trial By An Impartial Jury.

G.  Appellate Counsel Rendered Ineffective Legal Representation By Virtue Of Her Failure To Raise The Issues Regarding Defendant's Arrest, The Testimony Of The Medical Examiner, Defendant And His Mother Testifying At The Suppression Hearing, Defendant Testifying At Trial, And A Juror Seeing Defendant Being Escorted By The Sheriff's Officers.

H.  Defendant Is Entitled To A Remand To The Trial Court To Afford Him An Evidentiary Hearing To Determine The Merits Of His Contention That He Was Denied The Effective Assistance Of Trial And Appellate Counsel.

A-4731-16T3

We are not persuaded by any of these arguments and affirm.

II.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on an ineffective assistance of counsel claim, defendant must meet a two-prong test by establishing that: (1) counsel's performance was deficient and the errors made were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

A.

Defendant argues his trial counsel should have objected to the testimony of Assistant Medical Examiner Frederick DiCarlo because he did not conduct the autopsy of decedent or prepare the report. Defendant also asserts the autopsy photographs of decedent used at trial were prejudicial to him.

The evidence showed the medical examiner who prepared the report, Dr. Jay Peacock, died prior to trial. DiCarlo testified he made a determination about the cause and circumstances of Mason's death from reviewing the autopsy, blood toxicology, microscopic examination, police and ballistic reports, concluding Mason's death was a homicide. In January 2011, when DiCarlo testified, the law was in an "uncertain state" on the "admissibility of a forensic report when the analyst who prepared that report is unavailable to testify in a criminal trial." See State v. Bass, 224 N.J. 285, 312 (2016). Although Bass made clear that an autopsy report is testimonial for purposes of the Confrontation Clause under the "primary purpose" test, that issue was not resolved until 2016. Id. at 316. Defense counsel was not required to anticipate this change in the law in order to satisfy a reasonable professional norm. See, e.g., McCoy v. United States, 707 F.3d 184, 188 (2d Cir. 2013); State v. Harris, 181 N.J. 391, 436 (2004) (rejecting defendant's argument that "trial counsel [was] ineffective for not anticipating a change in law"). Also, DiCarlo testified from the materials he reviewed and did not simply rely on the autopsy report as was the case in Bass. 224 N.J. at 318. Given the state of the law and the nature of DiCarlo's testimony, defendant did not show his trial counsel's performance was constitutionally deficient by not objecting to DiCarlo's testimony.

A-4731-16T3

Defendant also contends the autopsy photographs—particularly of Mason's heart—were prejudicial, but they were relevant to the manner of death. Neither the report nor the photographs identified who killed Mason. Defendant cannot say, therefore, that the result of the proceedings would be different without the photographs and in the absence of this, cannot satisfy the prejudice requirement under Strickland.

B.

Defendant argues his arrest was based on an alleged outstanding warrant on an unrelated matter that did not exist, which rendered his arrest illegal. He contends his trial counsel's failure to raise this was below professional norms and resulted in prejudice to him.

We agree with the PCR court that the record established there was an arrest warrant on another matter. Defendant has presented no facts to dispute this.

C.

Defendant contends his counsel should have called his mother and himself to testify at the suppression hearing to say that the statements he gave to the police were not voluntary. Defendant maintains there was no sound strategy reason not to call them to testify.

8

We agree with the PCR court that this claim was procedurally barred under Rule 3:22-5 because it was raised in defendant's direct appeal where we found no constitutional violation. The entire interrogation was electronically recorded, which refuted defendant's claims of coercion. His mother did not have first-hand knowledge of the police interrogation. Even if she might have testified defendant had a swollen lip, we agree with the PCR court that defense counsel had reasonable strategic grounds not to call her because of credibility issues involving her testimony.

D.

Defendant contends that in evaluating whether he should have testified at trial, his attorney should have discussed his proposed testimony and expected cross-examination with him and had he done so, defendant would have testified. However, the record shows that it was reasonable strategy for defendant not to testify at trial in light of the considerable evidence against him, including his own-videotaped statements to the police. Defendant also told the trial court under oath that he declined to testify, the decision to do so was voluntary based on discussions with counsel and was his own personal decision. He has not alleged that he was subject to any coercion. Defendant has not shown how he

9

was prejudiced or how his testimony would have refuted any of the evidence. The PCR court correctly rejected this argument as a basis for PCR review.

E.

Defendant claims his attorney should have done more about presenting all the facts about a juror who may have seen him in handcuffs being escorted and questioned defendant and the sheriff's officer about this. For the first time, he asserts the juror saw him in handcuffs.

At trial, the facts were that juror fourteen[2] did not see defendant as he was being escorted by sheriff's officers, but defendant saw the juror. Counsel made the representation, to the court with defendant present, that his client did not believe the juror saw him. Counsel told the judge he did not want to highlight the issue any further to the jury other than bringing it to the court's attention. The record shows counsel conferenced with his client in the courtroom. Following their conference, counsel said "he doesn't wish me to go any further or have Your Honor question, to avoid highlighting the issue."

We agree with the PCR court that defendant was not deprived of effective assistance. It was reasonable strategy for defense counsel to forego highlighting that defendant was in custody when defendant's position was that the juror did

---

[2] Juror fourteen was an alternate during deliberations.

 A-4731-16T3

not see him. Defendant's rebranded position does not correspond with what occurred in the courtroom and was not otherwise corroborated.

### F.

Defendant contends his prior appellate counsel was ineffective for having failed to raise on appeal the issues raised in this PCR. At least one issue was raised by appellate counsel on direct appeal and rejected by us. There was no error there. Regarding the other issues raised in this PCR petition, we add that although defendant is entitled to the effective assistance of appellate counsel, "appellate counsel does not have a constitutional duty to raise every non[-]frivolous issue requested by the defendant." State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)); see also State v. Gaither, 396 N.J. Super. 508, 516 (App. Div. 2007) (holding that appellate counsel is not "required to advance every claim insisted upon by a client on appeal"). We have rejected all the claims raised in this PCR. Counsel had no obligation to advance any of these meritless issues.

### G.

We are satisfied, therefore, from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial or appellate counsel within the Strickland/Fritz test. Accordingly, the PCR court correctly

11

concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

We conclude that defendant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4731-16T3