*Gonzalez v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-three.

PRESENT:

> AMALYA L. KEARSE,
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

———————————————————————————

JESUS GONZALEZ,

> *Petitioner-Appellant,*

v.                                                                          No. 22-710

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

———————————————————————————

For Petitioner-Appellant:                    Theodore S. Green, Green &
                                             Willstatter, White Plains, NY.

For Respondent-Appellee:                     Olga I. Zverovich, Won S. Shin,
                                             Assistant    United    States
                                             Attorneys,    *for*    Damian
                                             Williams,     United    States
                                             Attorney   for   the   Southern
                                             District  of  New  York,  New
                                             York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Jesus Gonzalez appeals from the district court's order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Pursuant to a plea agreement, Gonzalez pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). As part of that agreement, Gonzalez also stipulated that he qualified as a career offender under sections 4B1.1(a) and 4B1.2(b) of the United

2

States Sentencing Guidelines, based on prior drug convictions in Oklahoma and Arizona, in 2008 and 2011, respectively. Following his plea, the district court sentenced Gonzalez to eighty-four months' imprisonment and three years' supervised release. Gonzalez subsequently filed a section-2255 motion, arguing that he received ineffective assistance of counsel because his attorney failed to ascertain and inform the sentencing court that he did not in fact qualify as a career offender under the Guidelines. The district court denied Gonzalez's motion but granted a certificate of appealability.

On appeal from the denial of a section-2255 motion, we review the district court's "factual findings for clear error and [conclusions on] questions of law *de novo*." *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000) (internal quotation marks omitted). Whether counsel provided ineffective assistance is a mixed question of law and fact, which we review de novo. *Id.* We are free, however, to affirm the district court's decision on a section-2255 motion "on any ground for which there is support in the record, regardless of the ground on which [the district] court relied." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013) (citing *Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995)).

To establish ineffective assistance of counsel, Gonzalez must show that his attorney's performance was both objectively unreasonable and prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687–96 (1984). To satisfy the first prong, Gonzalez must demonstrate that his attorney's performance fell below an objective standard of reasonableness in light of "prevailing professional norms." *Id.* at 688. To satisfy the second prong, Gonzalez must demonstrate a "reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When determining whether counsel was ineffective, a court need not address both prongs if the movant fails to make a showing on either one. *See id.* at 697.

Here, Gonzalez contends that, following the plea agreement, his counsel rendered ineffective assistance by failing to ascertain and inform the sentencing court that Gonzalez's 2011 Arizona drug conviction should not qualify as a controlled-substance offense under sections 4B1.1(a) and 4B1.2(b) of the Guidelines. More specifically, Gonzalez asserts that his 2011 Arizona drug conviction is not a controlled-substance offense under the applicable categorical approach announced in *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018) – an argument premised on the assumption that *Townsend* requires a comparison

4

between the scope of the Arizona statute under which he was convicted in 2011 and the scope of the Controlled Substances Act in effect at the time of Gonzalez's federal sentencing. [1] Gonzalez's argument, however, fails because he cannot show that any putative error was prejudicial. Our review of the record shows no "reasonable probability that . . . [Gonzalez] would have received a less severe sentence" *even if* his counsel had argued for the time-of-sentencing categorical approach *and* convinced the sentencing court to adopt that approach in assessing whether Gonzalez was a career offender. *See Gonzalez*, 722 F.3d at 130.

Although the district court concluded that Gonzalez satisfied the criteria for the career-offender enhancement under the Guidelines, which would have called for a 151 to 188-month sentence, it also decided that a downward variance from the Guidelines range was appropriate because Gonzalez's career-offender status "overstate[d] the seriousness of [his] prior criminal history and [the] seriousness

---

[1] The categorical mismatch in this case arose from a narrower federal definition of marijuana enacted in December 2018, after Gonzalez's Arizona conviction in 2011, and after the conduct that gave rise to his present federal offense, but before his federal sentencing. While this Court recently ruled that the *Townsend* categorical analysis does not turn on the scope of the Controlled Substances Act in effect at the time of the prior conviction, we left open whether it turns on the scope of the Controlled Substances Act in effect at the time of the conduct giving rise to the federal offense or at the time of the federal sentencing. *See United States v. Gibson*, 55 F.4th 153, 160–66 (2d Cir. 2022). Because we affirm the district court's order on other grounds, we need not resolve that question in this case.

of the instant offense." App'x at 155–56. Putting aside "the technicalities of exactly what it is that [Gonzalez] did in the past and what [he was] convicted of in the past," the court was persuaded that an eighty-four-month sentence was appropriate in light of "the fact that [Gonzalez had] previously been convicted repeatedly and gone to jail repeatedly" and that it did not seem to "bother" him or deter him from committing further crimes. *Id.* at 156. For that reason, the court reiterated that it would not "impose a sentence within the range that might apply if [Gonzalez] were not a career offender," *id.*, as an eighty-four-month sentence was necessary "in order to both do justice and also promote respect for the law and, probably most importantly, deter [Gonzalez] once and for all from engaging in future criminal conduct," *id.* at 156–57.

These statements "ma[k]e it exceedingly clear" that, even if the sentencing court had agreed that Gonzalez was not a career offender under sections 4B1.1(a) and 4B1.2(b) of the Guidelines, his sentence would have been no different. *McCoy v. United States*, 707 F.3d 184, 188–89 (2d Cir. 2013); *see also United States v. Haywood*, No. 96-1766, 1999 WL 494869, at *2 (2d Cir. July 2, 1999). As a result, we conclude that Gonzalez cannot show prejudice, and thus cannot show ineffective assistance of counsel in connection with his sentencing.

6

We have considered Gonzalez's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court